1    COUNSEL LISTED ON FOLLOWING PAGE

FILED
CLERK, U.S. DISTRICT COURT

APR 2 4 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

13   TAIYŌ YUDEN CO., LTD.,        )   Case No. CV07-07075 GHK (JWJx)
                                   )
14              Plaintiff,         )   **STIPULATED PROTECTIVE**
                                   )   **ORDER**
15        vs.                      )
                                   )
16   PRODISC TECHNOLOGY, INC., PTI )
17   INNOVATION LLC, SMART BUY     )
     DIGITAL MEDIA, INC.           )
18                                 )
                                   )
19              Defendants.        )
                                   )
20                                 )
                                   )
21                                 )

1   PILLSBURY WINTHROP SHAW
2   PITTMAN
    Evan Finkel #100673
3   evan.finkel@pillsburylaw.com
    Andrew B. Grossman #211546
4   andrew.grossman@pillsburylaw.com
    Lesley S. Kim #243242
5   lesley.kim@pillsburylaw.com
6   725 South Figueroa Street, Suite 2800
    Los Angeles, CA  90017-5406
7   Telephone: (213) 488-7100
    Facsimile: (213) 629-1033
8
9   JENNER & BLOCK LLP
    Donald R. Harris (*pro hac vice*)
10  dharris@jenner.com
    Terrence J. Truax (*pro hac vice*)
11  ttruax@jenner.com
    Steven R. Trybus (*pro hac vice*)
12  strybus@jenner.com
    Steven McMahon Zeller (*pro hac vice*)
13  szeller@jenner.com
14  Joseph A. Saltiel (*pro hac vice*)
    jsaltiel@jenner.com
15  330 N. Wabash Avenue
16  Chicago, IL 60611
    Telephone:  (312) 222-9350
17  Facsimile:  (312) 527-0484
18
    Attorneys for Plaintiff
19  TAIYO YUDEN CO., LTD.

REED SMITH LLP
Christine Reilly #226388
creilly@reedsmith.com
1901 Avenue of the Stars, Suite 700
Los Angeles, CA  90067-6078
Telephone: 310-734-5200
Facsimile:  310-734-5299

REED SMITH LLP
Mark W. Wasserman (*pro hac vice*)
mwasserman@reedsmith.com
Matthew R. Sheldon (*pro hac vice*)
msheldon@reedsmith.com
3110 Fairview Park Drive Suite 1400
Falls Church, VA 22042
Telephone: (703) 641-4200
Facsimile:  (703) 641-4340

Attorneys for Defendants
PRODISC TECHNOLOGY INC.,
PTI INNOVATION, LLC, and
SMART BUY DIGITAL MEDIA
INC.

20
21
22
23
24
25
26
27
28

CASE NO. CV07-07075 GHK (JWJx)        - 1 -        STIPULATED PROTECTIVE ORDER

1.     <u>PURPOSES AND LIMITATIONS</u>

      Disclosure and activity during discovery may involve production of confidential, proprietary, or private information by at least certain of the parties and certain third parties for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. By entering into this Stipulated Protective Order, the parties have agreed to a form of Protective Order governing discovery. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.     <u>DEFINITIONS</u>

      2.1    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

      2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

      2.3    <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

      2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive Confidential Information or Items which contain, for example, (1)

sensitive business or financial information; (2) trade secrets; and/or (3) information which would jeopardize the competitive position of the disclosing Party if it were made available to the other parties in this action, or whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7   <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only".

2.9   <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   <u>House Counsel</u>: attorneys who are employees of a Party.

2.11   <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.12   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support

services (e.g., photocopying; videotaping; translating; preparing exhibits or
demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and
their employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected
Material (as defined above), but also any information copied or extracted therefrom, as
well as all copies, excerpts, summaries, or compilations thereof, plus testimony,
conversations, or presentations by parties or counsel to or in court or in other settings
that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations
imposed by this Order shall remain in effect until a Designating Party agrees otherwise
in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.
Each Party or non-party that designates information or items for protection under this
Order must take care to limit any such designation to specific material that qualifies
under the appropriate standards. A Designating Party must take care to designate for
protection only those parts of material, documents, items, or oral or written
communications that qualify – so that other portions of the material, documents, items,
or communications for which protection is not warranted are not swept unjustifiably
within the ambit of this Order. Mass, indiscriminate, or routine designations are
prohibited. If it comes to a Party's or a non-party's attention that information or items
that it designated for protection do not qualify for protection at all, or do not qualify
for the level of protection initially asserted, that Party or non-party must promptly
notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this
Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated

1   or ordered, material that qualifies for protection under this Order must be clearly so
2   designated before the material is disclosed or produced.
3       Designation in conformity with this Order requires:
4           (a) for information in documentary form (apart from transcripts of
5   depositions or other pretrial or trial proceedings), that the Producing Party affix the
6   legend "Confidential" or "Highly Confidential — Attorneys' Eyes Only" on each page
7   that contains protected material.
8       A Party or non-party that makes original documents or materials available for
9   inspection need not designate them for protection until after the inspecting Party has
10  indicated which material it would like copied and produced.  During the inspection and
11  before the designation, all of the material made available for inspection shall be
12  deemed "Highly Confidential — Attorneys' Eyes Only."  After the inspecting Party has
13  identified the documents it wants copied and produced, the Producing Party must
14  determine which documents qualify for protection under this Order, then, before
15  producing the specified documents, the Producing Party must affix the appropriate
16  legend "Confidential" or "Highly Confidential — Attorneys' Eyes Only" on each page
17  that contains Protected Material.
18          (b) for testimony given in deposition or in other pretrial or trial
19  proceedings, that the Party or non-party offering or sponsoring the testimony identify
20  on the record, before the close of the deposition, hearing, or other proceeding, all
21  protected testimony, and further specify any portions of the testimony that qualify as
22  "Highly Confidential — Attorneys' Eyes Only."  Alternatively, the Party or non-party
23  that sponsors, offers, or gives the testimony may identify, up to 30 days after receipt of
24  transcript, the specific portions of the testimony as to which protection is sought and to
25  specify the level of protection being asserted ("Confidential" or "Highly Confidential
26  — Attorneys' Eyes Only").  The entire transcript of the deposition shall be considered
27  "Highly Confidential — Attorneys' Eyes Only" during the designation period.
28

1    (c) for information produced in some form other than documentary, and

2    for any other tangible items, that the Producing Party affix in a prominent place on the

3    exterior of the container or containers in which the information or item is stored the

4    legend "Confidential" or "Highly Confidential — Attorneys' Eyes Only." If only

5    portions of the information or item warrant protection, the Producing Party, to the

6    extent practicable, shall identify the protected portions, specifying whether they

7    qualify as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

8         5.3    <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent

9    failure to designate information or items as "Confidential" or "Highly Confidential —

10    Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to

11    secure protection under this Order for such material. If material is appropriately

12    designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" after

13    the material was initially produced, the Receiving Party, on timely notification of the

14    designation, must make reasonable efforts to assure that the material is treated in

15    accordance with the provisions of this Order. Where a party or non-party changes the

16    designation of confidentiality under this Protective Order, that party or non-party shall

17    promptly furnish the information re-designated in accordance with 5.2 above.

18         5.4    <u>Inadvertent Production of Privileged Material.</u> Inadvertent disclosure of

19    any document or other information covered by the attorney-client privilege, work-

20    product or other applicable privilege during discovery in this matter, shall be without

21    prejudice to any claim that such document or other information is privileged or

22    confidential, and no party shall be held to have waived any rights by such inadvertent

23    disclosure. If the Producing Party claims that document or other information was

24    inadvertently disclosed, the Producing Party shall explain in writing, supported by

25    declarations if appropriate, the basis for its claim that the disclosure was inadvertent.

26    If after receipt of the explanation, the Receiving Party does not agree that the

27    disclosure was inadvertent, the Producing Party may move the Court to have the Court

28    determine whether the disclosure was inadvertent. The Receiving Party, if it agrees

that the disclosure was inadvertent or the Court finds that the disclosure was inadvertent, shall not use and will return any inadvertently produced privileged material immediately, unless such privilege has been waived by some means other than the inadvertent disclosure.

     6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

     6.1    <u>Timing of Challenges.</u> Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

     6.2    <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

     6.3    <u>Judicial Intervention.</u> A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and must

1  set forth with specificity the justification for the confidentiality designation that was
2  given by the Designating Party in the meet and confer dialogue.

3  　　　The burden of persuasion in any such challenge proceeding shall be on the
4  Designating Party.  Until the Court rules on the challenge, all parties shall continue to
5  afford the material in question the level of protection to which it is entitled under the
6  Producing Party's designation.

7  　　7.　　ACCESS TO AND USE OF PROTECTED MATERIAL

8  　　7.1　　Basic Principles. A Receiving Party may use Protected Material that is
9  disclosed or produced by another Party or by a non-party in connection with this case
10  only for prosecuting, defending, or attempting to settle this litigation.  Such Protected
11  Material may be disclosed only to the categories of persons and under the conditions
12  described in this Order.  Notwithstanding the above provisions, this Protective Order
13  shall not bar any attorney in the course of rendering advice to his or her Party client
14  with respect to this Litigation, from conveying to any Party client his or her evaluation
15  in a general way of Protected Material; provided, however, that in rendering such
16  advice, the attorney shall not disclose the specific contents of any Protected Material.
17  When the litigation has been terminated, a Receiving Party must comply with the
18  provisions of section 11 below (FINAL DISPOSITION).

19  　　　Protected Material must be stored and maintained by a Receiving Party at a
20  location and in a secure manner that ensures that access is limited to the persons
21  authorized under this Order.

22  　　7.2　　Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
23  ordered by the Court or permitted in writing by the Designating Party, a Receiving
24  Party may only disclose any information or item designated CONFIDENTIAL to:

25  　　　　(a) the Receiving Party's Outside Counsel of record in this action who
26  have been apprised of this Protective Order and agreed to be bound thereby, as well as
27  employees of said Counsel to whom it is reasonably necessary to disclose the
28  information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author of the document, the actual recipients of the document, individuals copied on the document, or the original source of the information; and

(h) any other person upon such terms and conditions as the parties may agree or as the Court may order.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to:

(a) the Receiving Party's Outside Counsel of record in this action who have been apprised of this Protective Order and agreed to be bound thereby, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors;

(e) the author of the document, the actual recipients of the document, individuals copied on the document, or the original source of the information; and

(f) any other person upon such terms and conditions as the parties may agree or as the Court may order.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" the Receiving Party must so notify the Designating Party, in writing (by fax or e-mail, if possible) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidential information and items in the court from which the subpoena or order issued. The Designating Party shall bear the

1   burdens and the expenses of seeking protection in that court of its confidential material
2   – and nothing in these provisions should be construed as authorizing or encouraging a
3   Receiving Party in this action to disobey a lawful directive from another court.

4       9.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.</u>

5       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
6   Protected Material to any person or in any circumstance not authorized under this
7   Stipulated Protective Order, the Receiving Party must immediately (a) notify in
8   writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to
9   retrieve all copies of the Protected Material, (c) inform the person or persons to whom
10  the unauthorized disclosure was made of all the terms of this Order, and (d) request
11  such person or persons to execute the "Acknowledgment and Agreement to Be Bound
12  by Protective Order" that is attached hereto as Exhibit A.

13      10.  <u>FILING PROTECTED MATERIAL.</u> Without written permission from
14  the Designating Party or a court order secured after appropriate notice to all interested
15  persons, a Party may not file in the public record in this action any Protected Material.
16  A Party that seeks to file under seal any Protected Material must comply with Civil
17  Local Rule 79-5.

18      11.  <u>FINAL DISPOSITION.</u> Unless otherwise ordered or agreed in writing by
19  the Producing Party, within sixty days after the final termination of this action, each
20  Receiving Party must return or destroy all Protected Material to the Producing Party.
21  As used in this subdivision, "all Protected Material" includes all copies, abstracts,
22  compilations, summaries or any other form of reproducing or capturing any of the
23  Protected Material.  Whether the Protected Material is returned or destroyed, the
24  Receiving Party must submit a written certification to the Producing Party (and, if not
25  the same person or entity, to the Designating Party) by the sixty day deadline that
26  identifies all the Protected Material that was returned or destroyed and that affirms that
27  the Receiving Party has not retained any copies, abstracts, compilations, summaries or
28  other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, exhibits, legal memoranda, correspondence (including e-mails) or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Protected Material covered by this Protective Order.

12.3 <u>Expert Discovery</u>. A testifying expert's draft reports, notes, outlines, and any other writings leading up to his final report(s) in this case are exempt from discovery. In addition, all communications with, and all materials generated by, a testifying expert with respect to his work on this case are exempt from discovery unless they contain (1) data or information relied upon by the expert in forming his opinion(s), (2) data or information relevant to the expert's opinion(s) that was considered and not relied upon in forming his opinion(s), or (3) any test data relevant to the expert's opinion generated by or made available to the expert. By way of example only, communications or materials which contain counsel's opinions or mental impressions are exempt from discovery, but data or information communicated by counsel to the expert which is considered or relied upon by the expert in forming his opinion(s) is not exempt from discovery. Communications and/or materials which contain both exempt and non-exempt information may be produced in redacted form

so as to disclose only non-exempt information.  The expert must produce (1) his final report, and (2) all communications/materials to the extent they contain non-exempt information.

   12.4   <u>Privilege Logs</u>.  Any privileged communication between a Party and its Outside Counsel who has filed an appearance in this matter does not have to be logged by the Party on its privilege log.  The omission of any such communication from a Party's privilege log will not constitute a waiver of any privilege.  The Parties, however, reserve their right to seek a log of any such communication if a Party later reasonably believes that such information would be probative.

   **The Court and its personnel shall not be subject to the provisions of this agreement.**

   **IT IS SO ORDERED.**

Date: April 24, 2008

_____
Jeffrey W. Johnson
United States Magistrate Judge

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3  DATED: _____

4              PILLSBURY WINTHROP SHAW PITTMAN
5              Evan Finkel
               Andrew B. Grossman
               Lesley S. Kim
6              725 South Figueroa Street, Suite 2800
               Los Angeles, CA  90017-5406
7              Telephone: (213) 488-7100
8              Facsimile: (213) 629-1033

9              JENNER & BLOCK LLP
               Donald R. Harris
10             Terrence J. Truax
11             Steven R. Trybus
               Steven McMahon Zeller
12             Joseph A. Saltiel
               330 N. Wabash Avenue
13             Chicago, IL 60611
               Telephone:  (312) 222-9350
14             Facsimile:  (312) 527-0484
15             Attorneys for Plaintiff,
               TAIYO YUDEN CO., LTD.

16

17 DATED: __4/21/08__

18             REED SMITH LLP
               Christine Reilly
19             1901 Avenue of the Stars, Suite 700
               Los Angeles, CA  90067-6078
20             Telephone:  310-734-5200
               Facsimile:  310-734-5299
21

22             REED SMITH LLP
               Mark W. Wasserman
23             Matthew R. Sheldon
               3110 Fairview Park Drive
24             Suite 1400
               Falls Church, VA 22042
25             Telephone: (703) 641-4200
               Facsimile: (703) 641-4340
26             Attorneys for Defendants
               PRODISC TECHNOLOGY INC.,
27             PTI INNOVATION, LLC, and
28             SMART BUY DIGITAL MEDIA INC.

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3   DATED: April 22, 2008                    /s/ Evan Finkel
                                    _____
4                                   PILLSBURY WINTHROP SHAW PITTMAN
                                    Evan Finkel
5                                   Andrew B. Grossman
                                    Lesley S. Kim
6                                   725 South Figueroa Street, Suite 2800
                                    Los Angeles, CA 90017-5406
7                                   Telephone: (213) 488-7100
                                    Facsimile: (213) 629-1033
8

9                                   JENNER & BLOCK LLP
                                    Donald R. Harris
10                                  Terrence J. Truax
                                    Steven R. Trybus
11                                  Steven McMahon Zeller
                                    Joseph A. Saltiel
12                                  330 N. Wabash Avenue
                                    Chicago, IL 60611
13                                  Telephone: (312) 222-9350
                                    Facsimile: (312) 527-0484
14                                  Attorneys for Plaintiff,
                                    TAIYO YUDEN CO., LTD.
15

16

17  DATED: _____     _____
                                    REED SMITH LLP
18                                  Christine Reilly
                                    1901 Avenue of the Stars, Suite 700
19                                  Los Angeles, CA 90067-6078
                                    Telephone: 310-734-5200
20                                  Facsimile: 310-734-5299

21

22                                  REED SMITH LLP
                                    Mark W. Wasserman
23                                  Matthew R. Sheldon
                                    3110 Fairview Park Drive
24                                  Suite 1400
                                    Falls Church, VA 22042
25                                  Telephone: (703) 641-4200
                                    Facsimile: (703) 641-4340
26                                  Attorneys for Defendants
                                    PRODISC TECHNOLOGY INC.,
27                                  PTI INNOVATION, LLC, and
28                                  SMART BUY DIGITAL MEDIA INC.

## EXHIBIT A

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ (print or type full name), of

_____(print or type full address), declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of TAIYO YUDEN CO., LTD. v. PRODISC TECHNOLOGY INC., PTI INNOVATION LLC, SMART BUY DIGITAL MEDIA, INC., Case No. CV07-07075 GHK (JWJx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ (print or type full name) of

_____ (print or type full address and telephone number) as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____